(No. 18557.—

NETT W. ROBBINS *et al.* Appellants, *vs.* THE COMMISSIONERS OF LINCOLN PARK, Appellee.

*Opinion filed April 21, 1928—Rehearing denied December 18, 1928.*

BENSON, FITCH & HEINEMANN, for appellants.

ROBERT H. FARRELL, and CHESTER E. CLEVELAND, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a bill in the circuit court of Cook county seeking to restrain the appellee, the Commissioners of Lincoln Park, in the city of Chicago, from erecting an embankment and boulevard across certain property acquired under an act entitled, "An act to enable park commissioners having control of any park bordering upon public waters in this State, to enlarge the same from time to time, and granting submerged lands for the purpose of such enlargements, and to defray the costs thereof," in force July 1, 1895. (Cahill's Stat. 1927, chap. 105, par. 187.) Appellee demurred to the bill. Its demurrer was sustained and the bill dismissed for want of equity. Appellants bring the cause here for review.

The bill as amended alleges the organization of appellee as a municipal corporation and avers that section 1 of the act above mentioned provides the method to be used by the park commissioners to secure from the State title to submerged lands; that this method requires the commissioners to adopt a plan of enlargement which shall locate a boulevard or driveway connecting with an existing boulevard under the control of the park commissioners, which plan must provide for a breakwater, sea wall or other protection on the water line of such boulevard or driveway; that said section provides that submerged lands between the shore line as it exists at the time such plan is prepared and adopted and the inner line of the proposed boulevard or driveway are to be held and used for the purposes of a public park, and such submerged lands are therefore vested by the State, under this act, in the park commissioners for park purposes; that in order to carry out such park purposes the park commissioners are required to secure the riparian rights appurtenant to the lands bordering on the

water's edge either by contract or condemnation; that section 2 of the act provides that such riparian rights may be acquired by contract with and deeds from the owners or by condemnation, and the boundary line between the property of such owners and the submerged lands acquired for park purposes may be fixed by a decree of the circuit court. The amended bill alleges that on November 25, 1895, the commissioners of Lincoln Park decided to make an enlargement of said park under the act of 1895 and adopted and filed a plan of such enlargement; that such plan located a boulevard or driveway over and upon the bed of Lake Michigan, the south terminus of which was on Sheridan road at Byron street, running thence northeast into the lake about 1000 feet, thence almost directly north, at a distance of approximately 1000 feet east of the shore line, about three miles, to a point opposite Devon avenue, thence westward to the shore, connecting with Devon avenue; that this was the only boulevard provided in the plan filed; that on July 5, 1906, Burr Robbins, who then owned the land now owned by the appellants, made a contract with the commissioners, reciting the plan so made and adopted by the board and stating that the commissioners propose to comply with that plan; that the land owners agree to deed to the commissioners the riparian rights to such land; that the parties desire to agree upon the shore line separating the property of Robbins and the submerged lands granted to the commissioners by the act; that Robbins agreed to institute a proceeding in the circuit court in accordance with the statute by which the shore line would be established; that in accordance with this contract, and in consideration thereof, such proceedings were had, the boundary line was established and a deed was made by Robbins conveying his riparian rights for park purposes; that the commissioners have constructed a mound of earth for the purpose of building a boulevard on the reclaimed land east of appellants' property and within 122 feet thereof instead of 1000 feet

away, as prescribed in the plan filed; that such construction is in violation of the contract and deed conveying the riparian rights of Robbins and of the statute under which appellee acquired the land; that the boulevard being constructed is approximately 100 feet in width and in front of appellants' property is of an elevation of 15 to 20 feet; that it is planned to make grade separations by means of viaducts extending over intersecting streets at approximately every half mile, and appellants are informed the elevation of the embankment, other than at viaduct approaches, will be four or five feet above the surrounding surface; that the commissioners are about to fill the submerged lands of Lake Michigan for a distance of about 3500 feet east of the boundary of appellants' property, so that the shore line will be 3500 feet instead of 1000 feet east of appellants' property, as provided in the original plan, in violation of the contract and agreement made with Robbins and in direct violation of the statute under which such contract was made; that appellants have a special property right and interest in that portion of the reclaimed land lying east of their property by the contract of Robbins with the commissioners; that the conveyance by Robbins of his riparian rights created a specific trust under the terms of the statute herein referred to, and that by the unlawful erection of the embankment for boulevard or driveway purposes appellants suffer a special injury not common to the public or to those in that neighborhood; that the commissioners are attempting to use the submerged lands east of the appellants' property for another and different purpose from that in the plan mentioned and for which they have no lawful right to use the same; that in so doing they deprive the appellants of their property without due process of law, in violation of the constitutions of the United States and of the State of Illinois, and impair the obligation of the contract made with Robbins, in violation of the constitutions of the United States and of the State of Illinois. The prayer

of the bill is that an injunction issue restraining the commissioners from constructing or permitting to be constructed any boulevard or driveway on the submerged lands lying east of appellants' property other than the boulevard or driveway shown on the plan adopted by the commissioners in November, 1895, and from using the submerged lands for any other purpose than for a park and the boulevard or driveway as shown on said plan, and for general relief.

Appellants contend (1) that the use of the park for the building of such boulevard is not a park purpose; (2) that they have such an interest in the enlargement of the park as entitles them in equity to insist on a substantial compliance with the original plan under which the park commissioners acquired from their predecessor in title the riparian rights owned by him, and that since the driveway being constructed by the commissioners is not the boulevard or driveway shown on the plan and is such that it cannot be used for park purposes, the building of such a boulevard is a violation of the trust committed to the commissioners; (3) that the commissioners have no title to any submerged lands lying east of the boulevard or driveway shown on the plan adopted in 1895, and for that reason, and because they acquired the riparian rights to appellants' property in pursuance of such original plan, the commissioners have no right to fill in or reclaim any submerged lands beyond the boulevard or driveway shown on the original plan, since in so doing they remove the lake shore further from appellants' property, and that by reason of the contract and the statute appellants have a vested interest so that the same cannot be taken from them by the commissioners.

It is argued in support of the bill that the erection of a through boulevard at an elevation varying from five or six feet to twenty feet, with grade separation, is not such a park purpose as is authorized by the statute. The act referred to is applicable to Lincoln Park and controls the power of its commissioners. (*Lincoln Park Comrs.* v.

*Fahrney,* 250 Ill. 256.) It gives to the commissioners of any park bordering on the public waters of the State, of the character of Lincoln Park, power to enlarge that park in the manner prescribed by the act. The things necessary to be done for such enlargement are, first, to prepare and adopt a plan of such enlargement, on which shall be located a boulevard or driveway over and upon the bed of such public waters. The termini of such boulevard or driveway must be within the district or territory taxable for the maintenance of such park, and one of such termini must be upon some driveway or boulevard already established and under the control of the commissioners of that park. The plan shall provide for a breakwater, sea wall or other protection upon the water line of the boulevard so planned. The plan shall also locate upon the submerged lands, between the shore line of such public waters as it exists at the time the plan is prepared and adopted and the inner line of the proposed boulevard and driveway, the lands to be filled in and improved for the purpose of a public park under the control and management of such commissioners, as provided in the act. The commissioners are then required to make an estimate of the cost of the construction of the boulevard and of the filling in and reclamation of the submerged lands lying between the inner line thereof and the shore line. When this is done, and on condition that it be done, the fee to the submerged lands lying between such boulevard and the shore line is vested in the commissioners "for park purposes as hereinafter in this act set forth." By section 2 the commissioners are authorized to acquire by contract and deed from the owners of lands along the shore adjoining such submerged lands, the riparian rights of such owners, and in case of failure to agree may acquire the same by condemnation. In case of a contract the owner may petition the circuit court to fix the boundary line between the lands of such owner and the submerged lands acquired by the commissioners, and the court may by

decree, in accordance with such contract, fix such boundary line. In case the owners are minors such petition may be filed by a guardian, and the court in such case "shall have power by its final decree, upon such terms and conditions as it may deem reasonable and fair, to transfer to said board of park commissioners all the riparian rights of the petitioner or complainant, and also to establish the boundary line between the lands owned by the petitioner or complainant, and the lands of said board of commissioners." Section 3 of the act provides the uses to which such lands so acquired by the commissioners may be put. It is as follows: "Submerged lands thus granted and the shore lands together with the riparian rights thus acquired in accordance with the preceding sections, the said commissioners shall hold for the following uses: First, for the purpose of constructing and maintaining the boulevard or driveway as in said plan located. Secondly, for the purpose of filling, reclaiming, improving, maintaining and holding such portions as are so designated upon said plan, as a public park. Thirdly, for the purpose of creating, constructing and maintaining lagoons and harbors for boats and for establishing and maintaining rules and regulations for the use and enjoyment of such lagoons and harbors by the public."

Section 1 of the act prescribes, as a condition precedent to acquiring title to the submerged lands and their use as a park, the making and filing of a plan showing a boulevard or driveway. The boulevard or driveway provided in the plan is evidently to form the outer boundary of the enlargement of the park provided for in the statute. This is made clear by the provision of section 1 that the plan shall provide for a breakwater, sea wall or other protection sufficient to save the boulevard from destruction or waste by water. While by section 7 of the act the commissioners are granted the authority to make additional enlargements of the park, "but under the same conditions and limitations

and in the same method prescribed" by the act, it is evident that such enlargement must be by such plan and action on the part of the commissioners as is required in the original enlargement. It is also necessary, in order that the intervening submerged lands be filled in and used as a park, that the commissioners shall, under section 2 of the act, secure, by contract with the adjoining land owners, deeds to their riparian rights, and in case of inability to contract with them such rights may be taken by condemnation, for which the commissioners must pay just compensation. The provision giving the power to the court, in case the land owners are infants or under legal disability, to make such transfer and fix the boundary line on petition of a guardian of such land owners, "upon such terms and conditions as it may deem reasonable and fair," contemplates that conditions not repugnant to the purposes of the act may be imposed upon the commissioners in the transfer of such riparian rights where the owners themselves are unable to contract for such conditions. It is also evident from the language of the act that where a contract within the purposes of the act is made, such contract becomes a part of the conditions upon which the riparian rights of the land owners have been secured. One condition is, that the land shall be used only for park purposes according to the plan adopted.

It is urged that the statute, when complied with, vests this land in the park commissioners for park purposes and that the proposed boulevard may be properly considered a park purpose. It will be noted that the language of section 1 is that the lands granted to the commissioners shall be held for "park purposes as hereafter in this act set forth." A park is defined as "a piece of ground in a city or village set apart for ornament or to afford the benefit of air, exercise or amusement." (17 Am. & Eng. Ency. of Law,—1st ed.—p. 407; *Village of Riverside* v. *MacLain,* 210 Ill. 308.) Section 3 declares what these park purposes

are. They are (1) for the purpose of constructing and maintaining the boulevard provided in the plan; (2) for the purpose of filling, maintaining and holding the intervening submerged lands designated upon the plan as a public park; and (3) for creating and maintaining lagoons and harbors for boats and regulating the use thereof. Whether the commissioners in this case have a right to erect an embankment across the submerged lands inside the boundary boulevard when such submerged lands shall have been filled in depends not upon whether such a boulevard may be erected under general powers of the park commissioners, as provided by general statute relating to park purposes and granting to such commissioners the power to build boulevards, but whether such may be done under the powers authorized by this particular act. The rule is, that where there is to be found in a statute a particular enactment, it is to be held operative as against the general provisions on the subject either in the same act or in the general laws relating thereto. *Handtoffski* v. *Chicago Traction Co.* 274 Ill. 282; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264; *City of Cairo* v. *Bross,* 101 id. 475.

It is alleged in the amended bill and admitted by the demurrer that the park commissioners propose to build a through boulevard across the submerged lands opposite the property of appellants on an embankment varying from five or six feet to twenty feet in height, with a separation of grade at street intersections by means of viaducts; that this through boulevard is to be of a width of 100 feet and at a distance of 122 feet from the boundary line of appellants' property, despite the provisions of the plan that the boulevard shall be constructed at a distance of approximately 1000 feet east of such boundary line. It is also alleged that such embankment will interfere with the view from appellants' property and the air from the lake; that the boulevard proposed is not an ordinary park driveway but is of a character that will interfere with the use of the park

property for park purposes. This boulevard as described in the bill can scarcely be said to be a driveway in this park for pleasure or park purposes. It appears from the allegations of the bill as to the elevation of the embankment and construction of viaducts at street crossings, that the public in the enjoyment of the park would or could make no use of it, but that the embankment effectively separates the portion of the park lying east thereof from the 122 feet lying west of it, and that such 100-foot strip is not used for park purposes but for a public highway. The park commissioners hold this property in trust for the use of the public for park purposes. They have acquired it for that purpose from the State by statute and from the deeds of appellants of their riparian rights.

Appellee urges that it does not take by this deed and contract, for the reason that it could have condemned the riparian rights of appellants. While the board could have so taken these rights it would have been required to pay just compensation therefor, and would then have held the property rights under the trust imposed by the act that the same be held for park purposes as in the act provided.

Appellants also set out in their bill the contract entered into between their predecessor in title and the park commissioners, and allege that it was by means of this contract that their riparian rights were procured and that the granting of such riparian rights formed the consideration for the contract between their predecessor in title and the park commissioners, and that they therefore have a right to have such contract carried out. The contract recites that the park commissioners have decided to make an enlargement of the park in accordance with the act hereinbefore mentioned; that they had prepared a plan for the extension of the park as contemplated in the act and located thereon a boulevard or driveway over and upon the bed of Lake Michigan, and that the plans had been spread upon and become a part of the records of the commissioners of Lincoln

Park, and the commissioners had made an estimate showing the cost of the construction of such boulevard and filling in and reclaiming the submerged lands, and that it is the intention of the commissioners to comply with said plans. The contract also recites that it is contemplated by the parties thereto that the boundary line between the abutting property of the property owners and the submerged lands shall be determined; that the property owners shall not erect any buildings within 25 feet of such boundary line when established. The deed shows that the transfer of the riparian rights is for park purposes. It was a conveyance of a valuable property right. It seems clear from a consideration of the contract, the plan required and the purpose contemplated by the act that the boulevard intended to be constructed is the one specifically set out in the plan. While these do not forbid the building of another boulevard, yet a boulevard which would interfere with the use of the intervening submerged lands as a park when the same shall have been filled in, is contrary to the plan of the act to use such lands as a park, and the averment in the bill that the commissioners propose to build across these submerged lands, when so filled, an elevated structure which will interfere with the use of such lands for park purposes as contemplated in the act and will result in injury to the property rights of land owners, is sufficient, if true, to authorize the granting of relief prayed in the bill. *Streuber* v. *City of Alton,* 319 Ill. 43; *South Park Comrs.* v. *Ward & Co.* 248 id. 299.

It is urged that appellants have no such interest as gives them the right to maintain a bill in equity for the relief sought. The bill avers that their property will be injured by the erection of this grade and constructing thereon a through boulevard. This is an averment of a special injury sufficient to give a court of equity jurisdiction to hear the cause. *City of Chicago* v. *Ward,* 169 Ill. 392.

While it may not be practicable, as a matter of engineering, to build the boulevard, with its breakwater, as planned, before filling in the intervening submerged lands, yet that fact does not give to the commissioners the right to build an elevated boulevard for through traffic not embraced in the plan over so much of the submerged lands as may have been filled in, in the manner charged in the bill. The park purposes for which such submerged lands are held are those which may be enjoyed by the public generally. The right to enjoy such lands as a park goes to all lands submerged when filled, and while the commissioners may construct pleasure driveways through this park, it seems evident from the allegations of the bill that the commissioners propose to build a highway or boulevard that will not be accessible from other parts of the park. The allegations of the bill, if true, show that the boulevard is to be constructed at a grade which will not admit of its general use in getting to and from different portions of the park as a pleasure drive through such territory. We are of the opinion, therefore, that the commissioners are not authorized, under the act by which they acquired title to these lands, to use them for such highway purposes or such other purposes as would defeat the use of any portion of them for park purposes. They have been given by the act a right to construct such a boulevard at the water boundary of their enlargement but not to appropriate the lands for a through boulevard which divides the park and prevents its free use by the public, as charged in the bill. (*Village of Riverside* v. *MacLain*, *supra*.) The bill, therefore, was sufficient in law to require an answer, and the court erred in sustaining the demurrer thereto.

The decree of the circuit court is therefore reversed and the cause remanded, with directions to overrule the demurrer. *Reversed and remanded, with directions.*