(Nos. 33282, 33283.—

WALLACE J. PARKER, Appellant, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.,* Appellees.

*Opinion filed March 24, 1955.*

JAMES W. BREEN, of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., WILLIAM C. WINES, RAYMOND S. SARNOW and A. ZOLA GROVES, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Appellant, Wallace J. Parker, who has been licensed to practice dentistry in this State since 1923, has filed separate appeals from two judgments of the superior court of Cook County in cases brought by him under the Administrative Review Act seeking to reverse the orders of the Director of the Department of Registration and Education revoking appellant's license to practice dentistry in the State of Illinois. The superior court decided the issues adversely to appellant in both cases and affirmed the orders of the Department. Since both cases involve the same parties and the same issues they have been consolidated for purposes of this opinion.

The cases originated with the filing of separate complaints with the Department against appellant by Charles S. Mallory and Mrs. A. Shapiro. Appellant filed answers to both complaints and hearings were had in the offices of the Department before the Board of Dental Examiners consisting of five licensed dentists. Appellant was represented by counsel in both hearings. The Board found that appellant was guilty of unprofessional conduct and that he had violated certain provisions of section 18 of the Dental Practice Act. (Ill. Rev. Stat. 1953, chap. 91, par. 72.) It recommended revocation of his license. The Director entered an order of revocation in accordance with the findings and recommendation of the Board. Appellant's motions for a rehearing were overruled and the actions in the superior court followed. Named as defendants are the Department of Registration and Education, its Director, the original complainants and the individual members of the Board of Examiners. Hearings in the superior court were had upon the record of proceedings before the Department in each case, all as provided by statute. (Ill. Rev. Stat. 1953, chap. 110, pars. 272 and 274.) Appellant contends that the findings and conclusions of the administrative

agency and the superior court are against the manifest weight of the evidence.

The Mallory complaint, filed on November 22, 1949, charged in substance that appellant had professional connection and association with the Crystal Dental Laboratory in the city of Chicago and aided and abetted that laboratory and its manager, Bruni Irfeo, to engage in the illegal practice of dentistry, and that appellant engaged in the practice illegally, contrary to the provisions of section 18 of the Dental Practice Act, which prohibit a licensed dentist "to be employed in any room, rooms or offices where dental service is rendered or contracted for under the name of a corporation, company, association or trade name."

Charles S. Mallory, an investigator for the Department of Registration and Education, testified that on September 7, 1949, he visited the Crystal Dental Laboratory which was located on the first floor of the building at 5415 West North Avenue in the city of Chicago. Only the name "Crystal Dental Laboratory" was on the door. No dentist's name appeared. The windows contained a display of dentures and an optometrist's display of eye glasses. The witness entered and talked to the receptionist in the front room. There was an optometrist's display inside and an office ostensibly used by an optometrist. The back room housed a dental laboratory. The witness asked the receptionist for the laboratory man but was advised that he was not there. The witness returned the following day and talked to the laboratory man, Bruni Irfeo. The witness stated that he wanted to have a lower plate of dentures made. Irfeo told the witness he could fix him up but that the dentist was not there; that he was sick and that witness should return the following evening. On the following day, September 9, 1949, witness returned to the laboratory. A man, whom the laboratory man called "the dentist" and who was later identified as appellant, arrived shortly

afterwards. Appellant asked "if this was the man," and Irfeo replied in the affirmative. Appellant then directed the witness into the optometrist's room where he took the impression for a lower set of dentures with the help of Irfeo, who prepared the materials. Appellant had brought the impression plates with him in a paper sack. After the impressions were taken, appellant told the laboratory man to make up the denture and left. The laboratory man told the witness the price of the denture would be $50 and witness gave him $10 before he left. Appellant had demanded no money. Irfeo told the witness to return for a fitting on the 12th.

The witness returned to the laboratory on the 12th as Irfeo had directed. Appellant was not there when he arrived. Irfeo gave the witness the denture to try but it did not fit properly. Appellant came in while the fitting was taking place and gave certain instructions to Irfeo who then told the witness to return on the 14th. On September 14 the witness returned, paid Irfeo the balance and accepted the denture. Receipts for payments given the witness by Irfeo were introduced in evidence. No payments were made by the witness to appellant.

Appellant, testifying in his own behalf, stated that he was looking for a job and went to see a friend of his named Ellman who ran a dental laboratory. Ellman stated he knew of no dentists who needed help but that he had a friend who was an optometrist with offices on North Avenue who had a friend who wanted an impression taken; that appellant went to the West North Avenue address and took the impression as a favor; that he neither received nor expected a fee therefor and that he took only the one impression at that address. Appellant further testified that he had never been on the premises before. He denied that he knew the laboratory man, Bruni Irfeo. On cross-examination appellant stated that he believed that witness was the man whose impression he took. When asked to account

for the statement of witness that appellant returned on the 12th to help with the fitting, appellant denied that he did so at the request of Irfeo and stated that Ellman must have sent him the second time although he did not recall that definitely.

The complaint of Mrs. Shapiro, filed on February 1, 1950, charged in substance that appellant, a licensed dentist, practiced dentistry under a name other than his own in violation of those provisions of section 18 of the Dental Practice Act which make it "unlawful for any person or persons to practice dentistry under the name of a corporation, company, association or trade name; or under any name except his or her own proper name, which shall be the name used in his or her license as issued by the Department of Registration and Education."

Mrs. Shapiro, a housewife, testified that she had a lower denture which was loose and needed attention; that on January 25, 1950, she looked in the classified telephone directory and found the listing of the A.A.A. Dental Laboratory located at 1555 North Milwaukee Avenue in the city of Chicago which advertised one day service on dentures; that she called on the telephone and was advised by the girl who answered that she should get in before lunch as "the dentist" would be going to lunch.

When Mrs. Shapiro arrived at the address in question she found a receptionist on the premises and the offices of an optometrist and a dental office. She saw the name of no dentist on the door. Appellant was there. He was referred to as "the dentist" and did not introduce himself to her by name. He suggested a new plate but finally agreed to reline the old plate and told Mrs. Shapiro to return at 4:30 P.M. She tried the relined denture on her return but it did not fit. Appellant persuaded her to keep it for a few days and try it. She returned in a few days but the receptionist advised her that "Dr. Parker" had just left. She explained to another dentist who was

there that the teeth were hurting her and he attempted certain corrections. Two days later she returned. Appellant was there and she told him the teeth were not right. Appellant called in the laboratory man and they tried to fix them. Appellant told witness not to worry; to keep them in her mouth and return the next day. Witness returned the day following but the teeth were never corrected and witness was advised that the denture could not be returned to its original condition. Mrs. Shapiro was never able to use the denture. She paid appellant $5 on the day of her first visit and the further sum of $35 on the date of her last call. Receipts for the payments were introduced in evidence. The receipts do not bear appellant's name. They are signed with the initials of the girl in the office who issued the receipts.

Appellant testified that he had been looking for a job and saw an ad listing the Milwaukee Avenue offices for sale; that he entered into negotiations to buy but that the price asked was too high; that he was persuaded to "try it for a couple of weeks" and if he liked it he could buy it; that it was while he was trying the place under this arrangement that he rendered services to Mrs. Shapiro; that at the end of two weeks he found the place was no good at all and quit. He admitted rendering the services to Mrs. Shapiro and receiving $40 from her. He also admitted he knew there was a dental laboratory in the building located on the balcony of the third floor. The receptionist he used while he was there was the same person who was there when he originally inquired about buying. Appellant says she answered both his phone and the A.A.A. Dental Laboratory phone. He denied "working for" the A.A.A. Dental Laboratory.

Section 11 of the Administrative Review Act provides that the findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct. (Ill. Rev. Stat. 1953, chap. 110, par. 274.)

The provisions of the act as to the scope of judicial review have been construed to mean that the courts are not authorized to reweigh the evidence or to make an independent determination of the facts. The reviewing court is limited to a consideration of the record to determine if the findings and orders of the administratve agency are against the manifest weight of the evidence. (*Secaur* v. *Civil Service Com.* 408 Ill. 197.) Under the provisions of the act requiring the courts to regard the findings of the agency as *prima facie* true and correct, the court has a judicial function comparable to the issue at law as to whether there is competent evidence to support a judgment of a lower court. *Harrison* v. *Civil Service Com.* 1 Ill. 2d 137.

So far as the Mallory complaint is concerned, the testimony adduced is more than adequate to support the findings and order of the Department. It clearly appears from the evidence that appellant practiced his profession in the office of a dental laboratory contrary to the provisions of section 18 of the Dental Practice Act which prohibit a licensed dentist "to be employed in any room, rooms or offices where dental service is rendered or contracted for, under the name of a corporation, company, association or trade name." All of the essential facts of Mallory's testimony necessary to prove the violation are admitted by appellant, and there is no contention that the evidence on which the charge is based is not credible evidence. Appellant merely seeks to excuse his acts on the ground that he went to the laboratory in question to take an impression as a favor to a friend of Ellman's at the latter's request; that he received no fee and did not expect any. The Board of Dental Examiners found that appellant's story was unworthy of belief and chose to ignore it. As previously indicated this court will not reweigh any of the testimony or evidence in this case but it may be observed in this connection that Ellman did not testify and that appellant could not remember the name of the friend for whom he

was supposed to render service. He did testify that Mallory was the only man whose impression he ever took at the Crystal Dental Laboratory and there is no evidence that Mallory had any connection with Ellman. It is undisputed that Mallory was an investigator for the Department and that he contacted appellant by going to the laboratory and making an appointment through Irfeo, the man in charge. It is clear that Irfeo was engaged in the practice of dentistry illegally; that appellant aided and abetted Irfeo to violate the law and himself violated the provisions of the act as above stated. This conclusion has legal support in at least two earlier decisions of this court. *Dubin* v. *Department of Registration and Education,* 396 Ill. 276; *Lasdon* v. *Hallihan,* 377 Ill. 187.

In connection with the Shapiro complaint the fair inference from the facts presented is that appellant knew that the offices he occupied were listed under the name of "A.A.A. Dental Laboratory" and that he was using the name to attract business. Again there is no dispute as to the essential facts adduced in support of the charge. The defense is an attempt to explain away the damaging inferences by an account which places appellant in the offices only temporarily but under circumstances where he must reap the benefits of the listing though he says he was not aware of it. Without further extensive comment on the evidence we are impelled to say that the testimony reviewed above at some length supports the charge and the finding that appellant, a licensed dentist, was practicing his profession under a name other than his own.

It is our conclusion that the judgments of the superior court of Cook County are not against the manifest weight of the evidence and that they should be affirmed.

*Judgments affirmed.*