Sheridan Shores, Inc., and Esther Michaels, Plaintiffs-Appellees, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. No. 46,989.

First District, Third Division.
April 17, 1957.
Rehearing denied May 8, 1957.
Released for publication May 8, 1957.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Claude E. Whitaker, Assistant Corporation Counsel, of Chicago, of counsel) for defendant-appellant.

Maurice J. Nathanson, of Chicago (L. Louis Karton, of Chicago, of counsel) for plaintiffs-appellees.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from a declaratory judgment entered on the pleadings alone, in favor of plaintiffs.

The complaint alleges, inter alia, that the plaintiff corporation is the owner in fee simple of the real estate described therein, located on Sheridan Road in the block between Ardmore Avenue and Thorndale Avenue in Chicago; that the premises have a frontage of 200 feet by a depth of 229 feet to the shore of Lake Michigan; that the premises are improved with a brick, steel and concrete fireproof building having thirteen floors above grade and containing approximately 187 apartments; that part of the ground floor and below the surface is a garage serving the automobile parking requirements of the tenants of the building; that plaintiff Michaels is the lessee of the garage portion located on the lower level and ground floor of said building, and is engaged in maintaining said garage for the accommodation of the tenants of the building who desire to use the facilities; that she acquired possession of the garage about January 1, 1953, and that at that time there were several gasoline storage tanks, each of the capacity of 1,000 gallons, underground and immediately beneath the garage premises, for motor fuel kept for the accommodation of the tenants of the building who used the garage.

The complaint further alleges that the right to store and sell such motor fuel to the building tenants is granted to Michaels by the owner of the building under the garage lease; that during the month of April, 1954, Michaels and one of the officers of the plaintiff corporation were served with arrest notifications by the police of the city of Chicago, charging them with operating a public garage in an apartment zone (Violation 194A—8—zoning ordinance) and the storing and selling of gasoline without a license (Violation 129.1—1 —Municipal Code); that in the month of May, 1955, said Michaels and the officer of the plaintiff corporation were charged, in a suit brought by the city of Chicago, with the failure to remove gasoline tanks and

pumps installed in the garage premises; that plaintiffs, or either of them, or agents of the plaintiff corporation, have variously been charged with maintaining the garage, engaging in the sale of flammable liquids, and installing tanks for the storage of gasoline without having the consents of the neighboring property owners; that following these charges brought by the defendant against them, plaintiff Michaels procured written consents of the neighboring property owners in compliance with all ordinances of the Municipal Code of Chicago, requiring consent, which pertains to the installation of underground tanks for the storage of flammable liquids and for the maintenance of facilities for the storage and sale of motor fuel; and that she filed such written consents with defendant's commissioner of buildings.

It is further alleged that in the month of March, 1955, she appeared at the office of the city clerk and applied for a license to maintain a garage under section 156—15 of the Municipal Code, and the right to sell motor fuel to the tenants of the building aforesaid; that the city clerk refused to issue a license on the ground that the maintenance of a public garage and the business of selling gasoline to tenants whose cars are stored in said garage, both in a private building as aforesaid, are enterprises not permitted in an apartment district (Chicago Zoning Ordinance, § 8); that the Zoning Ordinance of the City of Chicago divides the city into ten use districts and four volume districts, and that said ordinance contains fifty use district maps; and that use district map No. 10 indicates that the premises in question are located in an apartment house, volume 3, district.

The complaint sets forth the Off-Street Parking and Loading provisions of the Chicago Zoning Ordinance, as amended July 28, 1954; that plaintiff Michaels does not advertise the garage or the fact that she sells gaso-

line; that no signs of any kind are visible to the public or placed anywhere on the outside of the building calling attention to the existence of the garage or to the sale of gasoline; that no invitation of any kind is extended to the public to patronize the plaintiff, either for the storage of an automobile or for the sale of gasoline; that whatever is done by plaintiffs in connection with the storage of automobiles or sale of gasoline is strictly as required by the Chicago Zoning Ordinance for the accommodation of those tenants of the building or their guests or tenants of nearby buildings within the perimeter, who ask for the service; that if the court should determine that the maintenance of the garage in question is licensable under Chapter 156 of the Municipal Code, and that the sale of gasoline on the premises is licensable under section 127 of the Municipal Code, plaintiff Michaels is ready, willing and able to apply for such license or licenses, and prays for the court to direct defendant to issue such a license or licenses upon application; that plaintiffs have a large and substantial investment in their property and have great need to utilize their property for the purposes stated, and should they be deprived by any provisions of the Municipal Code of Chicago from maintaining the garage aforesaid, and from storing and selling motor fuel to the tenants, then said Municipal Code would contravene and violate the due process clause of the Federal and State Constitutions.

The answer of the defendant, to which no reply was filed by plaintiffs, in substance alleges that said garage is not maintained for accommodation of the tenants in the building, but is servicing the automobile requirements as a business for persons other than the tenants of the building, and is maintaining and operating a gasoline filling station with the use of gasoline storage tanks underground, in violation of the zoning laws and other provisions of the Municipal Code; that when

381

plaintiff Michaels obtained possession of the garage premises, several gasoline storage tanks, each of 1,000 gallon capacity, had been installed, and gasoline dispensing pumps had been connected thereto, all done without a permit from the municipal authorities and in violation of the zoning laws of the city of Chicago.

The answer further alleges that plaintiffs are operating and maintaining a public garage in the premises in violation of law, and that the storage and sale of motor fuel therein is not merely incidental and auxiliary to the operation of a private garage and is forbidden by the Municipal Code; that plaintiff Michaels applied to the Building Department of the City of Chicago for a permit to install four gasoline tanks of a capacity of 1,000 gallons each, and to sell gasoline therefrom to the tenant occupants of said apartment building; that on September 9, 1954, her application was denied by that department; and that on September 27, 1954, she applied to the Zoning Commission for a variation, which Commission, after a hearing had on November 1, 1954, denied her appeal and recommended to the City Council of the City of Chicago that a variation in her case be denied.

The answer also alleges that defendant filed complaints against plaintiff Michaels and an officer of plaintiff corporation in the Municipal Court of Chicago for violations of the ordinances, in the maintenance of the garage and the sale of gasoline therein; that they were both found guilty after a hearing, and a fine was imposed for violation of said ordinances.

The declaratory judgment found plaintiffs had a clear legal right to maintain and conduct the garage in question for the accommodation of the tenants of said building and their guests and for such others who are permitted in an apartment house district by the Off-Street Parking provisions of the Chicago Zoning Ordinance to utilize said private garage for off-street

parking purposes, and that plaintiffs had a clear legal right to maintain on the premises underground tanks and store gasoline therein, for sale only to the occupants of said private garage as auxiliary and incidental to the maintenance and operation of said private garage without advertising the same or displaying any notice on the outside of the building to the effect that gasoline is available on the premises; and that the court retained jurisdiction in said judgment order for the purpose of carrying out the judgment order entered.

Section 73—6.01 of the Cities and Villages Act (Ill. Rev. Stat. 1955, Chap. 24, par. 73—6.01) provides as follows:

"All final administrative decisions of the board of appeals under this Article shall be subject to judicial review pursuant to the provisions of the 'Administrative Review Act,' approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto. The term 'administrative decision' is defined as in Section 1 of the 'Administrative Review Act.'"

The Administrative Review Act, Section 1, (Ill. Rev. Stat. 1955, Chap. 110) provides:

". . . 'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties, or privileges of the parties and which terminates the proceedings before the administrative agency . . . ."

Section 57.1, Chapter 110 (declaratory judgments), permits a declaratory judgment declaring the rights of parties in cases of actual controversy, including the determination of the construction of any statute, municipal ordinance or other governmental regulation.

It is under this section plaintiffs predicate their right to the instant judgment.

██ The rule is well settled in this state that a particular and specific enactment in a statute must prevail over general provisions on the subject, either in the same statute or in the general laws relating thereto. Robbins v. Lincoln Park Commissioners, 332 Ill. 571, 579; Moyer v. Board of Education, 391 Ill. 156, 159; Department of Revenue v. Wakeford Hardware Co., 2 Ill.App.2d 66, 69.

██ In the instant case we have directly involved, the question whether defendant was justified in denying plaintiffs' application for a permit, as alleged in the complaint and answer, and whether the Zoning Appeal Board, to whom plaintiffs appealed, was justified in deciding in effect that plaintiffs' conduct of their business was in violation of the Zoning Ordinance, and that they were not entitled to any variation. The Zoning Appeal Board having so decided, the Administrative Review Act specifically applies to a review of its decision and makes ample provision for appeal to the courts in such review.

In Bright v. City of Evanston, 10 Ill.2d 178, plaintiff sought a declaratory judgment that the Zoning Ordinance of the City of Evanston, as applied to plaintiff's property, was unconstitutional. The court there held:

"We agree with the contention that plaintiff cannot challenge the validity of the ordinance in its application to his property without first exhausting an administrative remedy. Under the city's zoning ordinance, applications to vary a classification as it affects particular property may be made to the board of appeals, which is authorized to recommend variations to the city council in cases of practical difficulties and particular hardship. Neither the present plaintiff nor his predecessor made such application for relief.

". . .

384

". . . where the claim is merely that the enforcement or application of a particular classification to the plaintiff's property is unlawful and void, and no attack is made against the ordinance as a whole, judicial relief is appropriate only after available administrative remedies have been exhausted. . . .

"In the case at bar the zoning ordinance has made provision for variation in particular cases by application to the board of appeals, which is empowered to make recommendations to the city council with respect thereto. The plaintiff has not seen fit to apply for such a variation. He does not complain of the zoning ordinance as a whole, but claims only that the classification of his lot for residential rather than commercial uses infringes his constitutional rights. Under such circumstances he should apply in the first instance to the board of appeals, and if unsuccessful there he can seek judicial relief. His action for a declaratory judgment without first exhausting his administrative remedies will not lie."

█ There is no merit in plaintiffs' contention that defendant's point as to the necessity for exhausting the remedies under the Zoning and Administrative Review Acts, referred to, is waived, because raised by defendant for the first time on this appeal. The answer of defendant specifically alleged the application made by plaintiffs for a permit and their petition to the Zoning Appeal Board for a variation. When such facts are alleged, it sufficiently raises the question of law for the trial court and this court as to whether the Circuit Court should have entertained the instant complaint for a declaratory judgment.

In view of the holding in the Bright case, which we regard as clearly applicable to the instant case, plaintiffs are not entitled to a declaratory judgment until they have exhausted their administrative remedies, specifically provided by statute.

385

Accordingly, the judgment appealed from is reversed and the cause remanded with directions to dismiss the complaint.

Reversed and remanded with directions.

KILEY, J., concurs.

LEWE, J., took no part.