22 Ill. App.2d 283 (1959)
160 N.E.2d 689
People of the State of Illinois, ex rel. Builders Supply & Lumber Co., an Illinois Corporation, Appellee,
v.
Village of Maywood, Illinois, a Municipal Corporation, and Harvey Meyer, Appellants.
Gen. No. 47,672.
Illinois Appellate Court  First District, First Division.
May 18, 1959.
Rehearing denied and opinion modified July 10, 1959.
Released for publication September 15, 1959.
*284 Louis Ancel and Jack M. Siegel, of Chicago, for defendants-appellants.
Hoellen & Willens, of Chicago (Sherwin Willens, of counsel) for plaintiff-appellee.
PRESIDING JUSTICE McCORMICK delivered the opinion of the court.
This appeal is taken from a declaratory judgment entered in the trial court finding that the plaintiff, as the owner of certain property in a "B" two-family district under the zoning ordinance of Maywood, Illinois, had a right to erect a single-family dwelling residence thereon with a three-foot side yard on each side of the residence in spite of the fact that the section of the ordinance dealing with two-family districts provides that the side yard be not less than five feet.
The plaintiff, after the building commissioner of the village had refused to issue a permit, filed a petition for a writ of mandamus. The plaintiff, by leave of court, filed an amended complaint praying for a declaratory judgment. The only question raised in this *285 court is with reference to the entry of a declaratory judgment.
The allegations in the complaint, as amended, which are essential in determining the propriety of the summary declaratory judgment in the case before us are: The plaintiff had on October 3, 1957 petitioned the zoning board of appeals of the Village of Maywood for a variation from the requirements of the zoning ordinance to enable him to erect a single-family residence in a two-family district with a three-foot side yard. After hearing, on December 16, 1957 the request for the variation was denied. On December 19, 1957 the plaintiff filed an application with the department of buildings to erect a single-family dwelling on the lot, having a side yard of three feet on each side of the residence. The building commissioner refused to issue the permit on the ground that the erection of a residence with a three-foot side yard in a two-family district was not permissible under the ordinance requirements. The plaintiff prayed that the court declare that the erection by the plaintiff of a single-family residence upon its lot with a side yard of three feet is permitted under the zoning ordinance of the Village of Maywood.
The defendants filed an answer in which they alleged that under the ordinance the use to which the plaintiff purportedly wished to put its property is only permissible in a two-family district when a five-foot side yard is provided, and denied that the ordinance permitted the erection of a residence in such a district with a three-foot side yard. The answer raised the issue that the plaintiff had in its complaint failed to allege facts showing that it had exhausted the administrative remedies available to it under the ordinance and the statutes of the State of Illinois, and asked that the cause be dismissed.
*286 On September 16, 1958 the plaintiff filed a motion for a summary judgment together with a supporting affidavit. On October 22, 1958, after hearing, the trial court entered a declaratory judgment finding that the plaintiff was the owner of the lot in question and that under the zoning ordinance of the defendant Village of Maywood it was permissible for the plaintiff to construct a single-family dwelling on the lot with a three-foot side yard on each side of the residence and retained jurisdiction of the case to enforce the terms of the judgment.
The zoning ordinance which was in effect provided, among other things, for districts to be known as single-family and two-family districts. Article IV, dealing with single-family districts, provided in part:
"Section 1: The regulations set forth in this Article, or set forth elsewhere in this Ordinance when referred to in this Article, are the district regulations in the `A' Single-Family Districts.
"Section 2: Use Regulations: A building or premises shall be used only for the following purposes:
"1. Single-family dwellings."
Section 4 of Article IV, dealing with "Area Regulations," provided:
"2. Side Yard:
"(a) Except as hereinafter provided, there shall be a side yard on each side of a building, having a width of not less than three (3) feet."
Article V, dealing with two-family districts, provided in part:
"Section 2. A building or premises shall be used only for the following purposes:
"1. Any use permitted in the `A' Single-Family Districts.
"2. Two-Family Dwellings."
Section 5 of Article V, pertaining to "Area Regulations," provided:
*287 "2. Side Yard: The side yard regulations are not less than five (5) feet."
Article XIII provided that the board of appeals had the power to permit variations in the yard requirements of any district where there were unusual or practical difficulties or unnecessary hardships in the carrying out of those provisions.
The plaintiff and the defendants disagree as to whether the plaintiff should have properly proceeded in court under the provisions of the Administrative Review Act. Therefore it becomes necessary to consider the provisions of both the Zoning Act and the Administrative Review Act.
[1] The purpose of the adoption of the Administrative Review Act (Ill. Rev. Stat. 1957, chap. 110, pars. 264 et seq.) was to do away with the use of mandamus, certiorari, injunction and other actions as a means of reviewing the decisions of administrative agencies. Its purpose was to provide a single uniform method of review. The remedy for attacking the validity of a zoning ordinance is distinguishable from the remedy afforded securing a review from a decision of the zoning board of appeals.
The first comprehensive zoning ordinance in the United States was passed in 1916 in the City of New York. Metzenbaum, Law of Zoning, 2nd Ed., chap. 1, page 7. Zoning first began to take concrete form in the United States in the early and middle portion of the 1920's. Yokley, Zoning Law and Practice, 2nd Ed., sec. 5. It is a comparatively recent legal development, and the varied and sometimes contradictory decisions in Illinois prior to the adoption of the Administrative Review Act in 1945, as well as in other states, were the result of attempting to apply thereto common law remedies in many cases not specifically adapted to the problem.
*288 Section 1 of the Administrative Review Act (chap. 110, par. 264) defines "administrative agency" as a body having power under the law to make administrative decisions, and an "administrative decision" as any decision, order or determination of an administrative agency rendered in a particular case which affects the legal rights, duties or privileges of parties which terminates the proceedings before the administrative agency. Section 11 of the Act (par. 274) provides that the court review of a final administrative decision shall extend to "all questions of law and of fact presented by the entire record before the court."
Section 73-3 of the zoning article of the Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 73-3) provides for the appointment of a board of appeals, and further provides that such board shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any zoning ordinance. Section 2 of the Administrative Review Act (chap. 110, par. 265), provides that the Act shall govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency by express reference adopts the provisions of the Administrative Review Act, and further provides that in all such cases any other statutory, equitable or common law mode of review of decisions of administrative agencies theretofore available shall not be employed after the effective date thereof. Section 73-6.01 of the Zoning Act provides that all final administrative decisions of the board of appeals shall be subject to judicial review pursuant to the provisions of the Administrative Review Act. In Moline Tool Co. v. Dept. of Revenue, 410 Ill. 35, the court, referring to the Administrative Review Act, said:
*289 "Prior to its enactment, there was diversity and uncertainty in the methods by which judicial review of the decisions of administrative agencies might be secured. (Sullivan, Judicial Review in Illinois (1949) Illinois Law Forum, 304; Davis, Review of Administrative Action, 44 Ill. Law Rev. 565 at p. 625.) The statute was designed to provide a single uniform method by which the decisions of most of the administrative agencies of State government could be judicially reviewed. To that end, section 2 of the act prohibits the employment of the pre-existing methods of securing judicial review."
In 222 East Chestnut St. Corp. v. Lakefront Realty Corp., 256 F.2d 513, in construing the Illinois Administrative Review Act, the court holds that where the Illinois zoning board of appeals has heard the matter and rendered its decision authorizing a proposed construction by finding a permitted use, the only way in which such a decision can be reviewed is under the provisions of the Illinois Administrative Review Act.
[2-4] Where the contention is made that a zoning ordinance is void in its entirety, relief may be sought without proceeding under the Administrative Review Act. Where the attack is made on the validity of the zoning ordinance or provisions thereof in their specific application to the property of a complainant he may, after he has first had a hearing before the board of appeals, go to the court in an action for independent relief and disregard the provisions of the Administrative Review Act. Bright v. City of Evanston, 10 Ill.2d 178; Bank of Lyons v. Cook County, 13 Ill.2d 493; Sheridan Shores, Inc. v. Chicago, 13 Ill. App.2d 377; Yokley, Zoning Law and Practice, 2nd Ed., sec. 180. The reason underlying these holdings is that the board of appeals has no power to pass on constitutional *290 questions should a constitutional question be involved and the courts under the constitution have such right. In any case it would be unreasonable to require a litigant seeking to have the ordinance declared void in its entirety to proceed as though the ordinance were valid. The same reasoning would apply to the case where the litigant is attacking the validity of the ordinance solely in its application to his property; however, in that case, if the board of appeals may grant a variation, it is necessary that he, before he seeks the aid of the court in an independent action, must have an adverse decision from the board of appeals. "The reason for such a rule is found in the practical difficulty encountered by the city council in foreseeing particular instances of hardship, when general restrictions are initially established for a given area. As the court observed in Dowsey v. Village of Kensington, 257 N.Y. 221, 177 N.E. 427, `... Where a restriction imposed by a general rule upon the use of property tends to promote the general welfare, the general rule may be reasonable, even though its strict enforcement might cause unnecessary hardship or damage to the owner of particular property, provided the rule is made subject to variation in its application in case of such hardship. Then the courts will not refuse enforcement of the general rule, at least until the variation has been refused....'" Bright v. City of Evanston, supra.
In the instant case the plaintiff pleading in the alternative, has raised a question as to the validity of the Maywood ordinance in its application to its property. In entering the summary declaratory judgment the trial court did not consider the alternative pleading, and based its judgment on its finding that under its interpretation of the terms of the existing ordinance the plaintiff had a right to erect a single-family residence with a side yard of three feet on a *291 lot included in a two-family district. The amended ordinance provided that the erection of a single-family dwelling was a permitted use in a two-family district, but also provided under "area" requirements that the side yard should not be less than five feet.
A declaratory judgment is a new remedial concept. The first statute, limited in its scope, was adopted in 1945.
In Sheridan Shores, Inc. v. Chicago, supra, the complaint praying for a declaratory judgment alleges that the plaintiff corporation is the owner of a 13-story building containing 187 apartments of fireproof construction; that part of the ground floor and basement floor has a garage serving the tenants of the building and that one of the plaintiffs leases the garage and stored and sold gasoline therein for the accommodation of the tenants; that the city contended that the operation of a public garage in an apartment zone was forbidden by the comprehensive zoning ordinance of the City of Chicago; that the city clerk refused a license to the lessee to maintain a garage and sell motor fuel on the premises; that the lessee-plaintiff was denied a variation by the zoning commission after an appeal thereto and a hearing thereon. The complaint prayed that the court should determine that the licensing of the garage under the municipal code is permissible and that the defendant should be directed to issue such license. An answer was filed to the complaint setting up the provisions of the code. The court entered a declaratory judgment finding that the plaintiff had a legal right to maintain and conduct the garage in question to store gasoline therein and to sell the same to the tenants of the building. In the Appellate Court the objection was raised that the plaintiff should have proceeded under the provisions of the Administrative Review Act, and the court, after citing the section of the Administrative *292 Review Act defining administrative agency, says:
"Section 57.1, Chapter 110 (declaratory judgments), permits a declaratory judgment declaring the rights of parties in cases of actual controversy, including the determination of the construction of any statute, municipal ordinance or other governmental regulation. It is under this section plaintiffs predicate their right to the instant judgment.
"The rule is well settled in this state that a particular and specific enactment in a statute must prevail over general provisions on the subject, either in the same statute or in the general laws relating thereto. Robbins v. Lincoln Park Commissioners, 332 Ill. 571, 579; Moyer v. Board of Education, 391 Ill. 156, 159; Department of Revenue v. Wakeford Hardware Co., 2 Ill. App.2d 66, 69.
"In the instant case we have directly involved, the question whether defendant was justified in denying plaintiff's application for a permit, as alleged in the complaint and answer, and whether the Zoning Appeal Board, to whom plaintiff appealed, was justified in deciding in effect that plaintiff's conduct of their business was in violation of the Zoning Ordinance, and that they were not entitled to any variation. The Zoning Appeal Board having so decided, the Administrative Review Act specifically applies to a review of its decision and makes ample provision for appeal to the courts in such review."
The court cites Bright v. City of Evanston, supra, and holds that the plaintiffs were not entitled to a declaratory judgment. See also In re East Main Tp. Community Ass'n, 15 Ill. App.2d 250.
The plaintiff urges that the case of Stemwedel v. Village of Kenilworth, 14 Ill.2d 470, read in connection with Bright v. City of Evanston, supra, should be interpreted to mean that in all zoning cases there are *293 open two methods of court review, either of which the property owner may elect. The first is review under the procedure prescribed in the Administrative Review Act. The second method of judicial review would be an original action seeking either a declaratory judgment, injunction, mandamus or certiorari. The plaintiff contends that either method is available to the property owner after his request for a variation from the zoning board of appeals has been refused. If plaintiff's contention is correct, then the underlying purpose of the Administrative Review Act falls, and the entire question of court review of final decisions of administrative bodies is the same as if that Act had never been passed.
Stemwedel v. Village of Kenilworth, supra, was a suit brought by the plaintiff to enjoin the defendant from enforcing as to his residence a zoning restriction prescribing a minimum rear yard depth of 25 feet. On the hearing the trial court declared the requirement unconstitutional in its application to the property and granted an injunction as prayed. A direct appeal was taken to the Supreme Court on the constitutional question. Prior to the filing of the complaint the plaintiff had applied to the board of appeals for a variation, which relief was denied. The plaintiff then brought the suit by which he attacked the constitutionality of the restriction in its application to his property. The Supreme Court reversed the decision of the trial court, holding that the proceeding in the Circuit Court was not an action to review the decision of the board of appeals or the village administrative authorities denying a variation from the rear yard requirement, that it was an original action for injunctive relief, and that the issue is not whether the board of appeals or the board of trustees of the village erred or abused their discretion, but whether the restriction as applied to plaintiff's property is *294 arbitrary, unreasonable and without substantial relation to the public health, safety, comfort, morals and general welfare. It pointed out that the plaintiff had sought appropriate relief both before the board of appeals and from the village authorities and that consequently under the authority of Bright v. City of Evanston, supra, and Fox v. City of Springfield, 10 Ill.2d 198, the provisions of section 2 of the Administrative Review Act making a proceeding thereunder the exclusive method of review do not constitute a bar since this is not a proceeding to review the denial of a variation, and that the only issue before the court is as to whether the application of the provision of the ordinance with reference to the 25-foot rear yard restriction is an unconstitutional exercise of power, and the court holds that it is not. Under the provisions of the Kenilworth ordinance the board of appeals only has the power to recommend to the president and board of trustees of the village that a variation may be granted, accompanying its recommendation with a report setting out its finding of facts. Hence the board of appeals has no power to make a final decision. A similar provision was in the ordinance involved in the Bright case. The Stemwedel case cannot be construed as in any sense supporting the plaintiff's contention in the instant case.
[5] The plaintiff does not here rely on the invalidity of the ordinance to support the entry of the judgment of the trial court. Its contention is that a permit to build a single-family residence, with only three-foot side yards, on the property in question, should have been issued under the existing zoning regulations of the Village of Maywood and that it was unnecessary, after the permit was refused by the building commissioner, for it to proceed under the provisions of the ordinance and the Zoning and Administrative Review Acts. It is the theory of the *295 plaintiff that the declaratory judgment proceeding was a separate and independent remedy available to it. It goes without saying that the plaintiff could have no recourse to the courts until it had been refused a permit, and in order to have such a refusal it would be necessary for the plaintiff to make a formal application therefor. This was done and the permit was refused by the village zoning enforcement officer, in this case the building commissioner, on the ground that the erection of such a building was not permissible under the applicable section of the zoning ordinance. The decision of the building commissioner was a decision of an administrative agent. From his decision an appeal could be taken to the zoning board of appeals. The decision of the zoning board of appeals would be a final decision and any review of such decision must be under the terms of the Administrative Review Act. The plaintiff's application brings it within the purview of the village ordinances and the Zoning and Administrative Review Acts of the State, and when the plaintiff, in no way attacking the validity of the ordinance, sought a declaratory judgment to the effect that it had a right to construct the building under the zoning ordinance, it was in effect seeking a review of an administrative agency. The only review permitted by law would be by appropriate proceedings under the Zoning and Administrative Review Acts. The same rule would apply if it could be considered that the plaintiff was seeking to review the decision of the zoning board of appeals denying the variation.
The plaintiff had sought, and had been denied, a variation by the board of appeals, and in its alternative pleading attacked the validity of the ordinance in its application to the property which it owns. On that question, and on that question alone, the plaintiff could properly seek the aid of the courts without proceeding *296 under the provisions of the Administrative Review Act.
The judgment of the Circuit Court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
DEMPSEY and SCHWARTZ, JJ., concur.