River Forest State Bank and Trust Company, et al., Plaintiffs-Appellees, v. Zoning Board of Appeals of Maywood, Illinois, et al., Defendants-Appellants.

Gen. No. 48,350.

First District, Third Division.

September 27, 1961.

Rehearing denied March 28, 1962.

Ancel, Siegel & Stonesifer, Kitsos & Kitsos, all of
Chicago (Louis Ancel and Jack M. Siegel, Nicholas T.

Kitsos, and Hermes C. Kitsos, all of Chicago, of counsel) for appellants.

Jerome Marvin Kaplan of Chicago (George B. Collins, of Chicago, of counsel) for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The River Forest State Bank and Trust Company petitioned the Zoning Board of Appeals of Maywood for a variation in the zoning classification of property it had acquired as trustee four days before. The property, located at the southwest corner of Washington Boulevard and First Avenue in Maywood, was zoned for single-family residence and the bank sought permission to use the corner for a gasoline service station. Its petition was denied. It then brought an administrative review proceeding in the Village Court of Maywood. The court ordered the variation granted. The Zoning Board appeals.

The property in question has been vacant for many years. It occupies approximately 126 feet on Washington Boulevard, an east and west street, and 160 feet on First Avenue, which runs north and south. Both streets carry much traffic, and First Avenue connects with an express highway several blocks to the south. Residences are to the west and south of the property. The northwest corner of the intersection was zoned for single residence but it was rezoned to permit the construction of a Masonic temple and a nursing home; on the northeast corner is a Cook County Forest Preserve, while on the southeast corner is a baseball field belonging to Proviso Township High School. This field is at the extreme north end of the high school grounds. There are gasoline stations four blocks to the south and four blocks to the

414

west where First and Washington, respectively, intersect with other heavily traveled streets.

A real estate expert and the real estate manager of an oil company, which had leased the property tentatively, testified before the Zoning Board for the plaintiff. The former said that there had been no new building on First Avenue near Washington for 30 years, that the danger, noise and quantity of the vehicular traffic caused sales resistance to single-family residences, that there would be the same resistance to multiple-family dwellings if the area were so rezoned, that the highest and best use of the property would be for a gasoline station, and that the kind of station planned for this corner would not be detrimental to the value of surrounding property. The manager said that no repairing, lubricating or other work would be done at the contemplated station, that it would be uniquely lighted, attractively landscaped, and an asset to the community.

A petition against the variation was presented in behalf of nearby residents. Four neighbors and three other witnesses, including the chairman of the Plan Commission of Maywood, testified in opposition to the proposed change. Their objections were that a gas station would increase dangerous traffic conditions particularly for school children, would reduce property values, would be unsightly and would be a nuisance because of its lights and noise.

The Zoning Board found that if the variation were granted it would unfavorably alter the character of the immediate vicinity, that no unusual hardship or practical difficulty existed, and that the evidence did not prove that the premises could not yield a reasonable return under the current zoning.

In a carefully drafted opinion the court made detailed findings of fact and of law. Among the latter were that the ordinance was invalid and that the de-

cision of the Board was against the manifest weight of the evidence.

But the validity of the ordinance in its application to the plaintiff's property was not at issue before the Board and therefore could not be before the court. This was an administrative review proceeding and the court was limited to the issues raised and the record made at the hearing. The plaintiff seems to have recognized this for, despite the favorable ruling of the Village court, it sought a determination of the validity of the ordinance by bringing a suit for declaratory judgment in the Superior Court and has appealed the decision of that court to the Supreme Court. Of course, the underlying question in all zoning cases is a constitutional one: does the zoning ordinance unreasonably restrict the use of an owner's property? Although our courts have countenanced the use of the administrative review process to raise this constitutional question, it is one which is beyond the power of a zoning board to answer. Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270; Winston v. Zoning Board of Appeals, 407 Ill 588, 95 NE2d 864; People ex rel. Builders Supply & Lumber Co. v. Village of Maywood, 22 Ill App2d 283, 160 NE2d 689; Babcock, The Unhappy State of Zoning Administration in Illinois, 26 Chi L Rev 509 (1959). When a zoning variation is desired the constitutional question, if not raised, is only indirectly involved, for variations are governed by statute and ordinance and compliance with them is paramount.

In finding that the Board's decision was against the manifest weight of the evidence the court held that the evidence in opposition to the variation was incompetent. We agree that the plaintiff's evidence was of far better quality than the somewhat emotional opinions of the protestors. We believe, however, that a standard different from the customary

416

manifest weight of the evidence guide must be applied on review to the evidence presented at a variation hearing. The Administrative Review Act provides that: "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." Ill Rev Stats, c 110, § 274 (1959). From this section the rule has been developed that the decision of an administrative agency is not to be disturbed unless it is against the manifest weight of the evidence. Drezner v. Civil Service Commission, 398 Ill 219, 75 NE2d 303; Parker v. Dept. of Registration and Education, 5 Ill2d 288, 125 NE2d 494. The converse of this rule, that a court may set aside the decision if it is manifestly against the weight of the evidence, does not have the same logical relation to hearings before zoning boards as it does to other agencies whose decisions are reviewable under the Administrative Act. A hearing for a variation is not necessarily an adversary proceeding. If no witnesses appear in opposition to a requested variation the manifest weight of the evidence always would be on the side of the applicant, but that would not mean that he would be entitled to have his petition allowed. He must comply with the proof required by statute and ordinance whether there is or is not opposition to his petition. The burden of proof is upon him and not upon the zoning board or the municipality. He must make his own record and must run his own risk as to the proof he presents. The better his evidence the greater his likelihood of convincing the zoning board. If his evidence is substantial the board's refusal to grant the variation may amount to an abuse of discretion.

The Maywood ordinance prescribes certain criterions concerning diminishment of property values, congestion in streets and impairment of the public safety and welfare, which must be met by a proposed varia-

tion before it can be granted. The ordinance provides that the board may authorize a variation if there is some unusual difficulty or particular hardship imposed upon a property owner, ". . . but only when the board is satisfied that a granting of such variation will not merely serve as a convenience to the applicant but will alleviate some demonstrable and unusual hardship or difficulty so great as to warrant a variation from the comprehensive plan. . . ." Maywood Village Code, c 34, § 34.60.

The Illinois statute imposes three conditions which must be met by an applicant (in municipalities where authority to decide and approve variations is vested in a board of appeals, as it is in the Zoning Board of Maywood). The statute says:

> "In its consideration of the standards of practical difficulties or particular hardship, the board of appeals shall require evidence that (1) the property in question cannot yield a reasonable return if permitted to be used only under the conditions allowed by the regulations in that zone; and (2) the plight of the owner is due to unique circumstances; and (3) the variation, if granted, will not alter the essential character of the locality. A variation shall be permitted only if the evidence, in the judgment of the board of appeals, sustains each of the three conditions enumerated." Ill Rev Stats c 24, § 73–4 (1959).

■ ■ The plaintiff failed to satisfy the last two statutory requirements. As to the first, a fair inference could be drawn from the testimony of the real estate expert that the property could not yield a reasonable return as presently zoned, for he said it had been vacant for many years, no new residences had been built on First Avenue for 30 years and increas-

ing vehicular traffic would make the sale of residences difficult. However, he did not testify as to the dollar value of the property or what the present return was, and the Board found that the evidence was insufficient to prove the premises could not yield a reasonable return. As to the second requirement the proof was inadequate that the plight of the plaintiff was due to unique circumstances. There was no unusual topographical feature, no difficulty of a dimensional nature and no hardship of use adaptability. A "particular hardship" does not mean one that is self-imposed, or that a piece of property is better adapted for a forbidden use than for the one which is permitted, or that a variation would be to the owner's profit or advantage or convenience. Nor did the proof meet the third requirement. It did not clearly show that the variation would not alter the essential character of the immediate locality. Likewise, the proof failed to comply with all the conditions of the village ordinance.

The plaintiff failed to meet the burden of proof imposed by statute and ordinance. The judgment of the Zoning Board was correct and should not have been set aside.

Reversed.

McCORMICK, P. J. and SCHWARTZ, J., concur.

SUPPLEMENTAL OPINION REHEARING DENIED

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This opinion was filed on September 27, 1961. On the same day there was published in the Supreme Court Advance Sheets (Vol 22, Ill2d, No 4, p 331) the opinion of the court in Howard v. Lawton, a zoning case. The

Supreme Court, in accepting jurisdiction of the case on constitutional grounds, held that, although no direct evidence concerning the validity of an ordinance is submitted to a zoning board of appeals, a court of original jurisdiction may pass upon the validity of an ordinance if the constitutional issue is raised in a. subsequent complaint for administrative review; provided, the whole record before the zoning board discloses ". . . that there is a fairly debatable question whether the zoning ordinance upon which the administrative decision is based is arbitrary and unreasonable and without substantial relation to the public health, safety, morals or general welfare. . . ."

█ In its petition for rehearing the plaintiff in the present case states that our court and the Supreme Court "appear to be in precise conflict" over the treatment to be accorded a zoning case in which a constitutional question was not directly involved. We do not believe there is a conflict. We stated in our opinion that the underlying question in all zoning cases is a constitutional one. We do not believe because there is such a latent constitutional question, appeals must necessarily be taken to the Supreme Court. If this were so, the Supreme Court would be burdened with the appeals in all zoning cases. Under Howard v. Lawton, the Supreme Court will entertain the appeal only if it is fairly debatable whether the entire record reveals that a constitutional question is involved.

We said in our opinion that ". . . the validity of the ordinance in its application to the plaintiff's property was not at issue before the Board. . . ." In view of the Howard v. Lawton rule, we again examined the record. The re-examination confirmed our first impression. Even if the record could be construed otherwise, and if a conclusion could be drawn that a constitutional question was involved, it would make no difference now. The constitutional issue has been settled by the recent

Supreme Court decision in the declaratory judgment case heard on appeal from the Superior Court (which we referred to in our opinion) wherein the validity of the ordinance in question was upheld. River Forest State Bank and Trust Company, et al. v. The Village of Maywood, et al., 23 Ill2d 556, 179 NE2d 671.

The petition for rehearing is denied.

McCORMICK, P. J. and SCHWARTZ, J., concur.