(No. 34844.—

MILTON L. DURCHSLAG, Appellant, *vs.* ELBERT S. SMITH, Auditor of Public Accounts, Appellee.

*Opinion filed September 18, 1958.*

HAROLD DURCHSLAG, of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and THEODORE G. MAHERAS, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Auditor of Public Accounts denied the application of the plaintiff, Milton L. Durchslag, for a license to operate

a currency exchange at 944 North Orleans Street in Chicago. The circuit court of Cook County upheld the Auditor's decision, and plaintiff appeals directly to this court. (Ill. Rev. Stat. 1957, chap. 16½, par. 52.2.) The personal qualifications of the plaintiff to operate a currency exchange have not been questioned; the sole issue concerns his right to establish a currency exchange at the specific location proposed in his application.

When the plaintiff's application was made, section 4.1 of the Community Currency Exchange Act provided: "Upon receipt of an application for a license for a community currency exchange, the Auditor shall investigate the need of the community for the establishment of a community currency exchange at the location specified in the application. 'Community,' as used in this Act, means a locality where there may be or can be available to the people thereof the services of a community currency exchange reasonably accessible to them. If the issuance of a license to engage in the community currency exchange business at the location specified, will not promote the convenience and advantage of the community in which the business of the applicant is proposed to be conducted, then the application shall be denied." (Ill. Rev. Stat. 1955, chap. 16½, par. 34.1.) In sustaining this provision in *Gadlin* v. *Auditor of Public Accounts,* 414 Ill. 89, we pointed out that it is to be read in conjunction with the legislative declaration that "the number of community currency exchanges should be limited in accordance with the needs of the communities they are to serve, * * *." Ill. Rev. Stat. 1955, chap. 16½, par. 30.

Plaintiff's proposed location is roughly in the center of a residential area that extends about one third of a mile north and south and the same distance east and west. It is bordered by Division Street on the north, Wells Street on the east, Chicago Avenue on the south, and Larabee Street on the west. Each of these streets is a major commercial thoroughfare. Orleans Street bisects this area from north

to south at a point slightly east of the center. A bus line runs on Orleans Street which is improved with residences and commercial establishments. The area to the east and west of Orleans Street is largely improved with multifamily apartment buildings. Most of the area to the west is occupied by the Frances Cabrini Extension Project of the Chicago Housing Authority, which was partially completed when plaintiff's application was made. At the south boundary of this area there are two currency exchanges on Chicago Avenue, one east and the other west of Orleans Street. Another currency exchange is at the northeast corner of the area at the southwest corner of Division and Wells streets. Another exchange is located on Division Street roughly midway between Orleans Street and Larabee Street.

A hearing officer representing the Auditor concluded on the basis of these facts that the four existing exchanges were "readily accessible to the residents of the Frances Cabrini Extension and to business firms and residential areas situated along Orleans St." and that the community was being "adequately served by the existing currency exchanges in the area and that the issuance of a license to the applicant to engage in the community currency exchange business at 944 N. Orleans St. will not promote the convenience and advantage to the community." The findings of fact, recommendations and conclusions of the hearing officer were adopted by the Auditor and plaintiff's license application was denied.

Plaintiff contends that the findings and conclusions of the Auditor are contrary to the manifest weight of the evidence. He bases this contention on his claim that the "community" he proposes to serve does not exceed a distance of two city blocks in any one direction from his proposed location at 944 North Orleans Street. The blocks involved are not of uniform size, and the boundaries of the resulting "community" are irregular. To support his assertion of "community convenience and advantage" he

introduced into evidence petitions signed by over 1,000 residents in his proposed area of operation. The petitions indicated that the signers desired the establishment of a currency exchange at 944 North Orleans Street.

Plaintiff's contention can not be sustained. The Auditor found that the four existing exchanges were within a radius of approximately one quarter of a mile of the proposed location, and that they were "readily accessible" to the people in the area of the proposed location. He thereby determined that the community involved was the area encompassed by Division Street, Wells Street, Chicago Avenue, and Larabee Street. This determination is to be taken as correct unless it is contrary to the manifest weight of the evidence. (*Myers* v. *Cummins*, 9 Ill.2d 582; *Parker* v. *Department of Registration and Education*, 5 Ill.2d 288.) There is no evidence in the record that physical inaccessibility rendered this determination unreasonable or arbitrary. Obviously the legislative intent to limit the number of currency exchanges to the needs of the community they are to serve would be thwarted if each license applicant was permitted to carve out his own proposed community. The statute confers no power on the Auditor to prohibit persons outside of plaintiff's proposed community from dealing with his exchange after it was established.

The desires of some members in the community, while entitled to consideration by the Auditor, do not necessarily indicate the community's needs, and they are not controlling. As plaintiff points out in his argument, most people who use a currency exchange want easy access to it. The General Assembly recognized this fact by its emphasis on accessibility and community convenience. But one of its purposes was also to prevent saturation of an area with currency exchanges with possible financial instability for all. (*Gadlin* v. *Auditor of Public Accounts*, 414 Ill. 89.) So the Auditor must distinguish between the subjective desires and the objective needs of those within the community.

Need depends upon the adequacy of present service. In this case the Auditor found that the community was adequately served by four exchanges, and plaintiff offered no evidence that the quality of existing service was inadequate to satisfy the needs of the community. There was no testimony to show how many of those who signed the petition used or needed the facilities of currency exchanges.

A final contention made by the plaintiff is that the Auditor failed to investigate the need for the community as he is required to do by section 4.1 of the Community Currency Exchange Act. The contention is without merit. The record shows that an investigator for the Auditor made a preliminary report listing the currency exchanges in the area of plaintiff's proposed location and their distance therefrom; that thereafter a hearing was held at which plaintiff and two of the currency exchange operators in the community testified, and that the Auditor adopted the finding of the hearing officer that the community was being adequately served.

The judgment of the circuit court of Cook County was correct.

*Judgment affirmed.*