S. B. Heininger, Plaintiff-Appellant, v. Department of Registration and Education of the State of Illinois, William Sylvester White, Director of Registration and Education, and Edgar T. Stephens, Defendants-Appellees.

Gen. No. 49,500.

First District, Fourth Division.

October 21, 1964.

Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher and Floyd Lanham, of counsel), for appellant.

William G. Clark, Attorney General, of Chicago (Raymond S. Sarnow and Edward A. Berman, Assistant Attorneys General, of counsel), for Department of Registration and Education of the State of Illinois and William Sylvester White, Director of Registration and Education, appellees. Peterson, Lowry, Rall, Barber & Ross, of Chicago (Owen Rall and John R. Porter, of counsel), for Edgar T. Stephens, appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a decision affirming an order revoking the license of plaintiff to practice dentistry in Illinois.

A complaint, filed with the Department of Registration and Education on March 28, 1960, by Edgar T. Stephens, Relator, charged eighteen violations of the Illinois Dental Practice Act (Ill Rev Stats 1959, c 91, §§ 60a–72). Plaintiff did not file an answer.

Hearings were held by the Board of Dental Examiners in 1960 with two witnesses testifying, Relator Stephens and plaintiff. The Board of Dental Examiners in its Report of Findings and Recommendations on September 19, 1961, found plaintiff guilty of unprofessional conduct [1] and the Department of Registration and Education adopted that report. On February 5, 1962, plaintiff's license was revoked. Subsequently plaintiff's complaint for administrative

[1] The report found violations of paragraphs 6, 7, 8, 9, 10, 16, 17, 18 and 18b of the Illinois Dental Practice Act (Ill Rev Stats 1959, c 91, § 59a et seq.).

183

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

review was filed, and on November 27, 1963, the Circuit Court affirmed the order of revocation.

The March 28, 1960, complaint focuses on three areas of alleged violations. Chronologically, the first series of violations pertains to 1926–1939.[2] These violations were based on extensive national advertising whereby Heininger solicited dental patronage, particularly for the manufacture, repair, relining and reproduction of full and partial dentures; that in said advertising Heininger held himself out to the public as a "Specialist in Postal Prosthodontia" although he was never licensed as such. The second collection of violations relates to plaintiff's professional association with Clark Dental Laboratory. The Third division of the complaint relates to plaintiff's operation of the Ashland-Belmont Dental Laboratory at 954 West Belmont Avenue, Chicago.

Plaintiff was an adverse witness at a hearing held on July 18, 1960, and on subsequent dates. In his testimony he disclosed that:

> I am engaged in the practice of dentistry. My office is located at 954 Belmont. I have been there approximately a year and two, three months. I am engaged in the general practice of dentistry. I have no other office in Chicago.

---

[2] A brief resume of plaintiff's career reveals that he was licensed to practice dentistry in Illinois in 1924, after receiving his dental education at the Northwestern University School of Dentistry; that from 1924 to 1933 he practiced dentistry in Chicago; that he subsequently operated a worldwide, mail-order dental laboratory business, for which he solicited through national advertising and which at its peak did a gross business of $231,000 and had 60 employees; that the Federal Trade Commission entered a cease and desist order enjoining him from continuing certain advertising practices. Plaintiff was also involved in proceedings with the Postmaster General of the United States and the Internal Revenue Service.

I am open every day except Sunday from 9:00 to about 6:00, 7:00.

Heininger detailed the operation of a dental laboratory at the Belmont address:

I started my work at the 954 West Belmont address about 14 or 15 months ago. I have conducted an office there ever since. I am there now. My own dental laboratory is located at that address also. I consider the whole thing a dental office. Every dental office has a laboratory . . . . There is a room for a laboratory bench work, so there would be three rooms. I do not have any employees there. I do the dental work and any laboratory work. I own this business myself.

Plaintiff elaborated on work which he performed at the 954 Belmont laboratory:

I have no employees in my present place of practice at 954 West Belmont. I do laboratory work for one or two other dentists. One is Dr. Nelson. He brings it in, I do the work, and then he picks it up . . . . I don't recall the name of the other dentist. I did work for him seven or eight months ago.

Thirty-nine exhibits were introduced at the hearing. Four are pertinent to violations relating to the Ashland Belmont Laboratory. They include: (1) a business card, (2) two photographs of signs on the building facade and (3) an advertisement in the Classified Telephone Directory. The format of the business card was: "Li 9–4585 / Ashland-Belmont Dental Laboratory—Hours: Monday-Friday 9 a. m.– 7 p. m. Saturday 9 a. m.–4 p. m. / 954 West Belmont

Ave. Chicago, Ill." Plaintiff admitted that the card ". . . is a business card used in my practice of dentistry at 954 West Belmont, where I am now."

One photograph was of the front window of the laboratory. In large dark block letters against a light background was inscribed: "Ashland Belmont Dental Laboratory." Beneath the inscription in small dark letters was: "Dr. S. Heininger, Dentist." Another picture showed the door of the 954 Belmont building. Affixed to the door was a prominent sign: "Dental Laboratory—Hours Daily—Mon. thru Fri. 9 a. m. to 7 p. m.—Sat. 9 a. m. to 4 p. m.—S. Heininger DDS— Gr 7–3751." In the 1960 Chicago Red Book Classified Telephone Directory, at page 570, under the general listing for "Dental Laboratories" was a two-inch, one-column advertisement for Ashland-Belmont Laboratories. The display: "ASHLAND BELMONT DENTAL LABORATORIES—NORTH—LAKE-VIEW SHOPPING AREA—Manufacturing & Repairing of Dental Plates—Serving the Dental Profession for 19 years—(At the Belmont "L" Station) —954 W. Belmont—Gr 7–3751."

Among the issues presented are the provisions of the statute which relate to: (1) practicing dentistry under a name other than appears on the license issued by the Department of Education and Registration and (2) advertising via media which calls attention of the public to any person engaged in the practice of dentistry.

The Illinois Dental Practice Act (Ill Rev Stats 1959, c 91, § 72) provides that:

> It shall be unlawful for any person or persons to practice dentistry under the name of a corporation, company, association or trade name; or under any name except his or her own proper name, which shall be the name used in his or

186

her license as issued by the Department of Registration and Education.

Plaintiff's license was issued to him in 1924. Plaintiff admitted that he was "engaged in the practice of dentistry," that his office "is located at 954 Belmont." We are confronted with four exhibits in which plaintiff advertised to the public in a manner indicating that he was practicing under a name that was not his own. The sign on the window at the 954 Belmont premises featured "Ashland Belmont Dental Laboratory." The business announcement in the 1960 Red Book Classified Telephone Directory *only* referred to the Ashland Belmont Dental Laboratory. No mention was made in the "Dental Laboratory" classification of Dr. Heininger, the individual licensed to practice by the state of Illinois and the admitted operator of the laboratory.

Plaintiff testified that when he leased the Ashland Belmont Laboratory premises they were vacant and that he did not purchase them from anyone; that he had known a Howard Osburn for five or six years and that Osburn "had the Ashland-Belmont Dental Laboratory at that location for some time before I went in there." Since plaintiff was the sole owner and operator, any publicizing was his direct responsibility. Plaintiff revealed that his business card, which mentioned only the dental laboratory, "is a business card used in my practice of dentistry at 954 West Belmont, where I am now." We are compelled to conclude that plaintiff was not practicing dentistry under his own name. This is a sufficient predicate for revocation. Wallace J. Parker v. Department of Registration and Education, 5 Ill2d 288, 295, 125 NE2d 494.

The Dental Practice Act provides that a license may be revoked for certain other enumerated of-

187

fenses (Ill Rev Stats 1959, c 91, § 62, ¶ 17). One offense pertains to advertising:

> Except as otherwise provided in Section 18b,* advertising or soliciting by himself or through another by means of hand bills, posters, circulars, stereopticon slides, motion pictures, radio, newspapers or in any other manner for professional business.

Section 72b states that it shall be unlawful for any person, firm or corporation:

> . . . to exhibit or use specimens of dental work, posters, or any other media calling attention of the public to any person engaged in the practice of dentistry.

The statute further provides that:

> Any person committing an offense against any of the provisions of this section, shall upon conviction, be subjected to such penalties as are provided in this Act, except any person licensed under this Act may list his name, title, specialty, address and telephone number in professional and telephone directories; or announce by way of a professional card containing only the name, title, degree, office location, office hours, phone number, residence address and phone number and specialty, if any, if desired, but such card shall not be greater in size than 3½ inches by 2 inches; or list his name, title, specialty, address and telephone number in public print when limited to the number of lines necessary to state such information; . . . or display the name of the licensee, on the premises where engaged in the profession, upon the windows thereof and by

---

* Also referred to as Sec 72b.

a door plate or name or office directory when the information is limited to that of the professional card . . .

Plaintiff violated paragraph 17. The large sign: "Ashland Belmont Dental Laboratory—Dr. S. Heininger, Dentist" and the display advertisement in the 1960 Red Book Classified Telephone Directory were used to acquire dental business because plaintiff was the laboratory and any business which came to him could only be handled by him as a practicing dentist. The violation is made all the more apparent by (1) the utilization of the laboratory name during the fourteen months during which plaintiff occupied the premises and (2) the business card which featured the laboratory name, not the name of the plaintiff.

The testimony of the plaintiff and the exhibits pertaining to the dental laboratory at 954 West Belmont clearly indicate that plaintiff committed two violations of the Dental Practice Act, i. e., practicing dentistry under a name other than appears on his license and unauthorized advertising via media which calls attention of the public to any person engaged in the practice of dentistry.

The revocation of plaintiff's license to practice dentistry in Illinois is affirmed. For this reason it is not necessary to consider the alleged violations at the Clark Street office or those which date back to 1926–1939.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.