26 Ill.2d 76 (1962)
185 N.E.2d 861
SKOKIE FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Appellants,
v.
CONRAD F. BECKER, Director of Financial Institutions, et al., Appellees.
No. 36996.
Supreme Court of Illinois.
Opinion filed September 28, 1962.
Rehearing denied November 29, 1962.
*77 RUSSELL & BRIDEWELL, of Chicago, (DAVID A. BRIDEWELL and ROBERT KEITH LARSON, of counsel,) for appellants.
KEITH & POTYSMAN, of Chicago, (SEYMOUR KEITH, VICTOR POTYSMAN, and SHELDON P. ZISOOK, of counsel,) for certain appellees.
WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES and AUBREY KAPLAN, Assistant Attorneys General, of counsel,) for appellee Director of Financial Institutions.
Judgment affirmed.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
This is an appeal from a judgment order of the superior court of Cook County in a proceeding under the Administrative Review Act, affirming the final order of the Director of Financial Institutions granting a permit for the organization of Lincolnwood Savings and Loan Association in Lincolnwood, Illinois. The appeal is taken directly to this court pursuant to section 7-24 of the Illinois Savings and Loan Act. Ill. Rev. Stat. 1959, chap. 32, par. 864.
*78 Application to organize Lincolnwood Savings and Loan Association was filed with the Director of Financial Institutions on September 4, 1959. Following hearings on two different dates, the Director, on June 2, 1960, entered an order denying a request for a permit to organize, the basis for such denial being insufficient evidence of need. Thereafter, upon notice and verified complaint pursuant to section 7-21 of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1959, chap. 32, par. 861) another hearing was had. On February 20, 1961, the hearing officer filed a supplemental report. On March 20, 1961, the Director of Financial Institutions entered an order finding, among other things, that a need exists for the proposed association and that the public convenience and advantage would be promoted thereby, that the general character of the proposed management is such as would assure the reasonable success of the association, and that the association can be established without undue injury to specified existing financial institutions, and granted a permit to the organizers to organize the proposed association.
Thereafter, on March 28, 1961, plaintiffs, which are competing financial institutions in the surrounding area, filed their complaint under the Administrative Review Act to review the final order of the Director. The only defendant named in the original complaint was the Director of Financial Institutions, and service was had upon him. Thereafter, by amended complaint and service of summons, the applicants to whom the permit had been issued were made parties defendant. These defendants made a motion to dismiss the suit on the ground that the Department of Financial Institutions, as distinguished from the Director, had not been made a party within 35 days of the service of the final administrative order upon the parties affected thereby. The trial court overruled this motion without prejudice to the right of the defendants to assert the motion *79 in the event of an appeal. Subsequently, the Department was formally made a party defendant. After a hearing on the merits, the trial court affirmed the order of the Director of Financial Institutions. The plaintiffs have appealed, contending that the order of the Director of Financial Institutions is against the manifest weight of the evidence and should have been reversed by the superior court.
Before dealing with the substantive merits of the case, it is necessary to deal with the contention of certain defendants that the trial court lacked jurisdiction because of the failure to make the Department of Financial Institutions a defendant within 35 days after the service of the final administrative order. Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1959, chap. 110, par. 267) provides that actions thereunder shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. Section 8 (Ill. Rev. Stat. 1959, chap. 110, par. 271) provides that the administrative agency and all persons other than the plaintiff who were parties of record to the proceedings before the administrative agency shall be made defendants.
The basis for the motion to dismiss was that, although the Director of Financial Institutions was made a defendant and served with summons in apt time, the Department of Financial Institutions was not made a defendant within the 35 days prescribed by statute. This contention is based upon the assumption that the Department, rather than the Director, is the administrative agency which is required to be made a party. As applied to this case, this assumption is unfounded. An "administrative agency," as defined in the Administrative Review Act, is "a person, body of persons, group, officer, board, bureau, commission or department (other than a court, judge, justice of the peace or *80 magistrate) of the State, or of any political subdivision thereof or municipal corporation therein, having power under law to make administrative decisions." (Ill. Rev. Stat. 1959, chap. 110, par. 264.) Under the Illinois Savings and Loan Act it is the Director of Financial Institutions who has the power to make administrative decisions and it is the decisions of the Director which are made subject to review under the Administrative Review Act (Ill. Rev. Stat. 1959, chap. 32, pars. 724, 861, 864), and the record shows that the decision reviewed was entered in the name of the Director, rather than the Department. The Director, as the administrative agency, was properly made a defendant. The failure to join the Department as a defendant within the 35-day period is immaterial, and the formal joining of the Department subsequently was mere surplusage.
The case of Cuny v. Annunzio, 411 Ill. 613, cited by defendants is not in point. That case involved a proceeding under the Administrative Review Act to review a decision of the Board of Review of the Department of Labor under the Unemployment Compensation Act. The Board of Review was not made a defendant, although the Director of Labor was. It was held that the Board of Review was an indispensable party and that the failure to make it a defendant rendered the review proceeding fatally defective. In that case, however, the Board of Review was clearly the administrative agency empowered to make the administrative decision involved. Here, it is the Director of Financial Institutions which is the administrative agency, and he was properly made defendant.
We turn now to the substantive merits of this appeal. Section 2-4 of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1959, chap. 32, par. 724,) provides that the Director shall not approve an application and issue a permit to organize unless he finds:
"(a) That a need exists for an association and that the *81 public convenience and advantage will be promoted by the proposed association, in the community or area of operation stated in the application;

* * *
"(c) That the general character of the proposed management is such as to assure reasonable probability of the success of the association; * * *

* * *
"(e) That such association can be established without undue injury to properly conducted existing associations."
The order of the Director approving the application and granting the permit to organize contained the findings required by statute. It is the plaintiffs' contention that the findings of the Director with respect to need and public convenience and advantage, to the reasonable probability of success, and to the lack of undue damage to existing associations are against the manifest weight of the evidence, and that the trial court should have reversed the Director's order.
Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1959, chap. 110, par. 274) provides that the findings and conclusions of the administrative agency on questions of fact shall be prima facie true and correct. We have held that the courts are not authorized to reweigh the evidence, and the reviewing court is limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. Cohn v. Smith, 14 Ill.2d 388; Parker v. Department of Registration and Education, 5 Ill.2d 288; Logan v. Civil Service Com. 3 Ill.2d 81; Secaur v. Civil Service Com. 408 Ill. 197.
The record contains substantial evidence relating to such matters as the population of Lincolnwood, its history of past growth and its anticipated future growth, the character of the community and the homes therein, rate of turnover of home ownership, the average income of the residents and the average cost of homes, the extent and *82 character of surrounding areas having an affinity for Lincolnwood, the amount of business transacted in Lincolnwood and neighboring community as evidenced by retailers' occupation tax receipts and other criteria, the number of financial institutions in the area, the savings accounts held by Lincolnwood residents in them, and the number and character of mortgage loans on Lincolnwood property serviced by them, and the possible effect upon these institutions of the proposed association. In some instances the factual and opinion evidence was conflicting, and even where the evidence was undisputed, it was of such a nature that reasonable men might well draw different inferences with respect to such matters as need, reasonable probability of success and the effect upon existing associations. We have examined the entire record and are unable to say that the findings of the Director are against the manifest weight of the evidence.
It should be noted that the findings required by the statute and made by the Director are not simple findings of readily ascertainable facts, but represent the application of expert administrative judgment to the evidentiary facts. Such terms as "need," "public convenience and advantage," "reasonable probability of the success," and "undue injury" are not facts that are susceptible to precise proof or measurement by any satisfactory judicial yardstick. They involve matters of judgment and policy. Under such circumstances, a court may not substitute its judgment for that of the administrative agency and should not reverse the order of the administrative agency unless the judgment of the agency is without substantial support in the record.
The judgment of the superior court of Cook County is affirmed.
Judgment affirmed.