Industrial Savings & Loan Association, a Corporation, Plaintiff-Appellant, v. Joseph E. Knight, Director of Financial Institutions, James W. McRoberts, et al., Defendants-Appellees.

Gen. No. 65–77.

Fifth District.

February 15, 1966.

Rehearing denied March 25, 1966.

Kassly, Weihl, Carr & Bone, of East St. Louis (Rex Carr, of counsel), for appellant.

William G. Clark, Attorney General, of Chicago (Richard A. Michael, and John J. O'Toole, Assistant Attorneys General, of counsel), for Joseph E. Knight, appellee. Goldenhersh & Goldenhersh, of East St. Louis (Michael A. Katz, of counsel), for James W. McRoberts, et al., appellees.

SPIVEY, J.

The Circuit Court of St. Clair County, in a proceeding under the Administrative Review Act, affirmed an order

of the Director of Financial Institutions denying a permit to Industrial Savings and Loan Association to change the location of its business office pursuant to section 3-4 (h) of the Illinois Savings and Loan Act. Plaintiff appeals from the affirmance of that order.

A group of Illinois residents designated as the McRoberts group, on July 11, 1960, filed an application to organize a savings and loan association to be known as the Edgemont Savings and Loan Association.

On March 4, 1961, the Director, after conducting statutory hearings announced a final denial of the application.

Complaint for judicial review was instituted in the Circuit Court of St. Clair County by the applicants on April 13, 1961. The McRoberts group did not perfect an appeal from the court's affirmance but filed a new application with the Director of Financial Institutions on May 7, 1962, which contained an upgraded survey of three years. A preliminary hearing on this second application was conducted between March 14 and April 26 of 1963, resulting in approval of the application and the issuance of a permit to organize as provided by the Illinois Savings and Loan Act on February 24, 1964.

On complaint of plaintiff, Industrial Savings and Loan Association, and other savings and loan associations the Director conducted a hearing to review his decision of February 24, 1964. Following the hearing the Director affirmed his decision on August 31, 1964, of his issuance of a permit to organize to the McRoberts group.

Plaintiff, Industrial Savings and Loan Association's Board of Directors passed a resolution on September 10, 1961, which among other things authorized the corporate officers to make application for a change of location. The passing of this resolution was conveyed to the Director of Financial Institutions by letter dated December 19, 1961, which also requested advice as to what would be required to gain approval.

On December 22, 1961, Chris Stolfa, Supervisor of Savings and Loan Division, on behalf of the Director advised plaintiff that the denial of a prior application for location in the same area was pending on judicial review under the Administrative Review Act and upon a decision by the court its request would be presented to the Advisory Board for recommendations.

On September 12, 1962, plaintiff filed with the Director its formal bylaw amendment adopted on September 4, 1962, for a change of location. The Director disapproved plaintiff's bylaw amendment on February 20, 1963, on the basis that no need exists for a savings and loan association in the proposed new location.

On application the Director conducted a hearing to review his disapproval of plaintiff's request and on April 20, 1964, affirmed his decision. Plaintiff perfected judicial review under the Administrative Review Act to the Circuit Court of St. Clair County, which was by that court affirmed and which resulted in the instant appeal.

While a recitation of the various proceedings covering almost four years by the two groups seeking to locate in the Edgemont area appears to be necessary we must now narrow our inquiry to the facts presented by this appeal by Industrial Savings and Loan Association.

Plaintiff had proceeded under the provisions of section 3–4(h) of the Illinois Savings and Loan Act, ch 32, § 744(h), Ill Rev Stats, which states:

"If a by-law amendment provides for a change in the location of an association's business office to a location which is more than one mile distant from the existing location, the Director shall not approve the amendment unless he finds that, (1) a need exists for an association in the proposed new location; (2) the capital of the association meets the minimum initial capital requirements of this Act with respect to the new location; (3) the proposed change of location can be effected without undue injury to other properly conducted associations; and

419

(4) notice of the association's proposal to change location has been published at least once in the community of the proposed new location. The Director may hear evidence to determine his findings at any time prior to his approval or disapproval of the amendment; and he may require, as a condition of his approval, ratification of the amendment by the vote (at a meeting of the members) or the written consent of the members of the association who are entitled to cast a majority of the total number of votes which all members of the association are entitled to cast."

Plaintiff-appellant contends that it has met the requirements of the Savings and Loan Act warranting a change in its address; that the McRoberts group, being a nonexistent savings and loan association, is not entitled to protection under the Illinois Savings and Loan Act; that it had a prior claim to the Edgemont location; and that the decision of the Director of Financial Institutions was arbitrary and against the manifest weight of the evidence.

The Director of Financial Institutions' final decision denying plaintiff the right to relocate its office was predicated upon the finding that "no need exists for an additional savings and loan association in the proposed area."

We see no useful purpose in relating the evidence adduced at the hearing in support of plaintiff's application to relocate except in two particulars (1), that portion wherein plaintiff requested the Director to take notice of his order of February 24, 1964, authorizing the organization of the Edgemont Savings and Loan Association by the McRoberts group, and (2), that the Edgemont area was in need of only one savings and loan associaton.

The General Assembly, in expressing the policy of the Illinois Savings and Loan Act, stated that such business being so integrated with the financial institutions of the state affected the public interest and should be super-

vised as a business affecting the economic security and general welfare of the people of Illinois, and that the Act should be liberally construed to promote and foster the purposes of savings and loan associations.

The Supreme Court, in Skokie Federal Savings & Loan Ass'n v. Becker, 26 Ill2d 76, 185 NE2d 861, in recognizing the role of the Director of Financial Institutions said, "It should be noted that the findings required by the statute and made by the Director are not simple findings of readily ascertainable facts, but represent the application of expert administrative judgment to the evidentiary facts. Such terms as 'need,' 'public convenience and advantage,' 'reasonable probability of the success,' and 'undue injury' are not facts that are susceptible to precise proof or measurement by any satisfactory judicial yardstick. They involve matters of judgment and policy. Under such circumstances, a court may not substitute its judgment for that of the administrative agency and should not reverse the order of the administrative agency unless the judgment of the agency is without substantial support in the record."

The instant case has somewhat resolved itself into a battle of priority. We find no comfort in this field in either the Illinois Savings and Loan Act or the decisions of our reviewing courts.

Plaintiff argues that being a properly conducted organization it should be protected to the exclusion of the McRoberts group.

■ Following the disallowance of its first application (affirmed by the Circuit Court of St. Clair County), the McRoberts group filed a second application on May 7, 1962, almost two years after the filing of its first application. The filing of this application put in force the administrative procedures under the Illinois Savings and Loan Act. (North Federal Savings & Loan Ass'n v. Becker, 24 Ill2d 514, 182 NE2d 155.)

The question of the sufficiency of the McRoberts group application and the propriety of the Director's decision are not before us in this appeal.

■■■ Prior to the filing of the McRoberts group's second application the only act on the part of plaintiff was the adoption of a resolution authorizing the officers of the association to make application for relocation and the forwarding of a letter by the association to the Director of Financial Institutions notifying him of the *proposed* amendment to the bylaws, provided approval to relocate is obtained under the provisions of the Illinois Savings and Loan Act.

Plaintiff argues this letter of notification of a proposed change in the bylaws set in motion the administrative processes necessary to obtain permission to relocate. Plaintiff cites North Federal Savings & Loan Ass'n v. Becker as recognizing its letter as one which would serve as an application to relocate its office.

We interpret this decision as being limited to the proposition that an existing savings and loan association is an aggrieved person within the contemplation of the Illinois Savings and Loan Act who may challenge an application to organize or an application to remove to a new location more than one mile away by an existing savings and loan association desiring to move to a new location or a proposed new savings and loan association to locate in a like area. The decision's reference to Apollo's letter to the Director requesting permission to move its headquarters as the commencement of the administrative process, does not state the contents of the letter.

We do not feel that the suggestion to the Director of a *proposed* amendment to the bylaws would suffice as an application to commence such a proceeding. In our judgment the adoption of a bylaw amendment to that effect is a condition precedent for the Director to commence action. To hold otherwise might well permit an existing

savings and loan association to thwart or delay the efforts to establish a new savings and loan association in a desired area.

We therefore find that the application by the McRoberts group on May 7, 1962, was first in point of time. The hearing on the application of the McRoberts group and the hearing on the disapproval of plaintiff's bylaw amendment was also first in point of time.

On February 24, 1964, prior to the Director's affirmance of his decision disapproving plaintiff's bylaw amendment on the ground that there was no need for an additional association, the Director issued a permit to the McRoberts group to organize Edgemont Savings and Loan Association in accordance with the Illinois Savings and Loan Act. The fact of the issuance of this permit to organize Edgemont Savings and Loan Association to the McRoberts group was made a part of this record at the suggestion of the plaintiff.

Plaintiff further urges that the holder of a permit to organize a savings and loan association does not stand in the status of a properly conducted association.

While this may be true, yet such a permit or license to organize must certainly establish some inchoate right in the holder thereof that should be recognized by the Director and in the law.

■ Plaintiff's permit to conduct a savings and loan association creates no vested rights. (53 CJS, Licenses, § 2.)

■ We conclude that the Director of Financial Institutions was correct in his decision, based upon the record, in denying plaintiff's application for relocation in that at the time of his decision there was to be a savings and loan association in the desired area and that a need exists for only one savings and loan association in the proposed new location. (Section 3–4(h), Illinois Savings and Loan Act.)

Considering the role of the Director of Financial Institutions with respect to the application of the policy of the Illinois Savings and Loan Act as expressed by the Supreme Court in Skokie Federal Savings and Loan Association, aside from the chronology of the proceedings his action cannot be said to be without substantial support in the record and was neither arbitrary nor against the manifest weight of the evidence.

■ It was for the Director to determine the respective merits, results and ramifications between these two groups and the questions of *need* and *undue injury* under the limitations imposed upon him by sections 2–4 and 3–4 of the Illinois Savings and Loan Act, so long as his judgment is not without substantial support in the record. Courts will not substitute their judgment for that of the administrative agency unless such is the fact.

The decision of the Director of Financial Institutions and the Circuit Court of St. Clair County is affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.